D. Blair Clark, ISB No. 1367
Jeffrey P. Kaufman, ISB No. 8022
LAW OFFICE OF D. BLAIR CLARK PC
1509 Tyrell Lane, Suite 180
Boise, ID  83706
Phone: (208) 475-2050
Fax: (208) 475-2055
Email jeffrey@dbclarklaw.com
Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re: | Case No. 18-01287-TLM |
| **LAWRENCE WILLIAM ESQUIVEL, and TARA MICHELLE ESQUIVEL,** | Chapter 13 |
| Debtors. | |

### DEBTORS' MEMORANDUM IN SUPPORT OF DEBTORS' MOTION TO CONVERT CASE TO CHAPTER 11 AND IN OPPOSITION TO THE CHAPTER 13 TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7 AND WASHINGTON TRUST BANK'S MOTION TO CONVERT CASE TO CHAPTER 7 OR IN THE ALTERNATIVE DISMISS

COMES NOW the Debtors, by and through their attorney of record, and hereby submit their Memorandum in Support of Debtors' Motion to Convert Case to Chapter 11 and in Opposition to the Chapter 13 Trustee's Motion to Convert Case to Chapter 7 and Washington Trust Bank's Motion to Convert Case to Chapter 7 or in the Alternative Dismiss, filed as Docket Nos. 50, 35, & 43 respectively.

## I.  Introduction

### *1. The Debtors*

Debtors are Lawrence W. and Tara M. Esquivel.  They live in between Boise, Idaho and Idaho City, Idaho on Daggett Creek Road.[1]  Mr. Esquivel owns Daggett Woodworking, but is not currently operating the business given the uncertainty of his and his wife's future.  Ms. Esquivel works for AutoClaims Direct, Inc. (hereinafter "ACD") at which she earns a monthly salary of approximately $17,917, plus significant bonuses.[2]  She also owns approximately 9.6% of ACD stock.  Their 2017 Federal tax return reflects that between wages and income from S-corporations, they earned $416,218.

About ten years ago Debtors financed the purchase their first jet boat.  In 2010, Debtor upgraded and purchased a second jet boat.  This second boat was a custom boat purchased from Christopher Bohnenkamp's Bohnenkamps Whitewater Customs ("BWC"), sold through Treasure Valley Marine ("TVM") - also owned by Bohnenkamp.  Then in the spring of 2012, they traded in the second boat and purchased their third jet boat, also to be custom made by BWC and TVM. With the help of TVM and BWC, Debtors financed the purchase with a loan Ms. Esquivel received from WTB, amortized over 20 years.

---

[1] Their address is technically "Boise, ID 83716" but the property is located in Boise County.  The property is not incorporated in The City of Boise proper.

[2] In 2017, she earned approximately $288,135.95 gross income in wages, of which $75,000 was derived from bonuses.

Although paid in full, BWC and TVM never built Debtors' boat and Mr. Bohnenkamp was criminally charged by the United States Government for fraud related to his scheme. WTB accelerated the note and sued Ms. Esquivel. It obtained a judgment and began garnishing Ms. Esquivel's wages to the tune of approximately $3,570 per month.

*2. This Case*

Debtors initiated this case as a Chapter 13 case on September 30, 2018.[3] Their Chapter 13 Plan, filed on October 19, 2018, provided for a total of 60 monthly payments averaging $2,069.10, for a total plan base of $124,146.[4] Docket No. 27. From these funds, Debtors propose to pay the trustee's administrative fee, estimated at $12,414.60, a secured claim of approximately $5,966.91 for their 2008 Ford Edge, and their priority tax claims estimated at $44,333.83; which left approximately $61,430.66 left to cover their attorney's fees (once approved by this Court) and their general unsecured creditors.

Pursuant to the Notice of Chapter 13 Bankruptcy Case, their Meeting of Creditors was scheduled for November 5, 2018. Docket No. 2. The Notice also established December 10, 2018 as the deadline for all creditors, except governmental units, to file a proof of claim. *Id*. After Debtors filed their plan, they scheduled their confirmation hearing for December 20, 2018.

---

[3] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, Title 11 U.S. Code §§ 101–1532, and all references to "Rules" are to the Federal Rules of Bankruptcy Procedure.

[4] The plan payments started off at $1,382 for the first three months, then increased to $1,975 for twelve months, and then $2,140 for the final 45 months of the plan.

Docket No. 30.  The Trustee conducted the Meeting of Creditors on November 5, 2018 as

scheduled.  Washington Trust Bank (hereinafter "WTB") appeared at the meeting and inquired of

Debtors.  Docket No. 34.  The Trustee continued the Meeting of Creditors to November 19,

2018.  *Id*.  At the first continued Meeting of Creditors, the Trustee again inquired of Debtors as

did WTB; the trustee again continued the Meeting of Creditors, but said continued meeting was

not scheduled.

   Several timely claims were filed in this case.  *See Claims Register, generally.*  The total

of the unsecured priority and general claims filed in this case amounted to approximately

$422,871.17.  This exceeds the unsecured, noncontingent, and liquidated debts limit of $394,725

established by § 109(e).  Debtors are thus ineligible for relief under Chapter 13.

### 3. Motions to Convert and/or Dismiss

   On December 12, 2018, WTB moved to convert this case to one under Chapter 7, or in

the alternative to Dismiss.  Docket No. 35.  The Chapter 13 Trustee filed a similar motion that

day as well.  Docket No. 40.[5]  WTB asserts that the case should be converted to chapter 7

pursuant to § 1307(c) on the basis that Debtors lacked good faith in filing this case.  Docket Nos.

35.  The trustee asserts the case should be dismissed pursuant to § 1307(c) on the basis that

   Debtors filed this proceeding to stop state court proceedings for a debt that was
   either incurred fraudulently by  providing false statements that they have no

---

[5] The Trustee's Motion contained sensitive information and was subsequently sealed.  Docket Nos. 42 & 45.
The Trustee filed a redacted motion on December 13.  Docket No. 43.

**18-01287-TLM | In re Esquivel**
**DEBTORS' MEMORANDUM IN SUPPORT OF DEBTORS' MOTION TO CONVERT CASE TO**
**CHAPTER 11, AND IN OPPOSITION TO THE CHAPTER 13 TRUSTEE'S MOTION TO CONVERT**
**CASE TO CHAPTER 7, AND WASHINGTON TRUST BANK'S MOTION TO CONVERT CASE TO**
**CHAPTER 7, OR IN THE ALTERNATIVE DISMISS                              PAGE 4**

intention of paying or in the alternative the Debtors have failed to properly disclose all of their assets on their bankruptcy petition and have made false statements under oath.

Docket No. 43, ¶ 40.

Understanding that they are ineligible for Chapter 13 relief, Debtors seek to reorganize under Chapter 11. These matters are scheduled for an evidentiary hearing on January 29 and 30.

## II.   Bad Faith Standard

In the Ninth Circuit, examining whether a case is filed in bad faith involves the application of the totality of the circumstances test. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999). In applying this test, the Court should consider the following factors:

> (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner,
> (2) the debtor's history of filings and dismissals;
> (3) whether the debtor only intended to defeat state court litigation; and
> (4) whether egregious behavior is present.

*Id* (Internal citations and quotations omitted).

## III.   Discussion

At the hearing Debtors will testify as to the reason that they filed this Petition and sought chapter 13 relief. Both Mr. Esquivel and Ms. Esquivel are expected to testify as to their knowledge of Mr. Esquivel's interest in a rental property in Pacific Grove, California. Ms. Esquivel will testify as to her knowledge regarding the value of her minority interest in a small,

privately held corporation.  Mr. Esquivel is expected to testify regarding his limited liability company, Daggett Woodworking, LLC and his intentions regarding this business and its operations.

Debtors expect the evidence will show that while they filed for bankruptcy relief for the first time in their lives, they did not do so to defeat litigation state court litigation.  But did so because the garnishment was having a detrimental impact on their ability to pay their debts. They expect the evidence will reflect that while Mr. Esquivel's interest in a rental property in Pacific Grove, CA was initially omitted from the bankruptcy schedules, he was unaware of the extent of his interest in said property.  Debtors anticipate that under the totality of the circumstances the evidence will not show that they have unfairly manipulated the Bankruptcy Code, purposely misrepresented facts, or exhibited egregious behavior.

### IV.   Conclusion

In the end, they expect the evidence will show that they have not filed this case in bad faith, but have a sincere interest in reorganizing under, and in accordance with, Chapter 11.

Dated this 28th day of January, 2019.

LAW OFFICE OF D. BLAIR CLARK PC

_/s/ Jeffrey P. Kaufman_
Jeffrey P. Kaufman,
Attorneys for the Debtors

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2019, caused to be served the foregoing to the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the United States Trustee
ustp.region18.bs.ecf@usdoj.gov

Kathleen A. McCallister, Chapter 13 Trustee
kam@kam13trustee.com, kmccallister13@ecf.epiqsystems.com

Jesse A.P. Baker on behalf of Cenlar FSB
ecfidb@aldridgepite.com

Mark A. Ellingsen on behalf of Washington Trust Bank
mae@witherspoonkelley.com

I further certify that on this 28th day of January, 2019, I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:
**None**

Via certified mail, return receipt requested, addressed as follows:

**None**

*/s/ Jeffrey P. Kaufman*
Jeffrey P. Kaufman